UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAVIC R.,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

CASE NO. C19-5223-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1980.[1] He has a master's degree in mechanical engineering, and has worked as an engineer, high school teacher, engineering consultant, graduate school

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

research assistant, and motel manager. (AR 85-93, 306.)

Plaintiff applied for DIB and SSI in August 2015. (AR 282-89.) Those applications were denied and Plaintiff timely requested a hearing. (AR 170-77, 196-227.)

On July 20, 2017, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 46-102.) On March 21, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 20-39.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on February 6, 2019 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since June 15, 2015, the alleged onset date. (AR 23.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bipolar disorder, anxiety disorder, cannabis use disorder, limb length discrepancy, and history of clubfoot deformity. (AR 23-25.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 25-27.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, with additional limitations: he can frequently balance, stoop, kneel, and crouch, and cannot climb or crawl. He can perform simple, routine tasks and follow short, simple instructions. He can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. He requires a work environment with minimal supervisor contact, defined to mean "contact that does not occur regularly." (AR 27.) It does not preclude simple and superficial exchanges, nor does it preclude being in proximity to the supervisor. He can work in proximity to co-workers, but not in a cooperative or team effort. He requires a work environment that has no more than superficial interactions with co-workers. He requires a work environment that is predictable and with few work setting changes. He requires a work environment with public contact. (AR 27.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 36-37.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to representative occupations such as kitchen helper, laundry worker, and industrial cleaner. (AR 37-38.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony regarding his ability to persist, and (2) discounting two medical opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective allegations for a number of reasons: (1) the medical evidence showed some physical and mental limitations, but not as severe as alleged; (2) his mental health treatment was relatively routine and conservative; and (3) he was able to perform a wide range of daily activities and care for his dog, "which indicates he is less limited in concentration, persistence, and pace than he alleged." (AR 32-34.) Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount his allegations of persistence deficits, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that none of the ALJ's reasons explain why he discounted Plaintiff's alleged problems sustaining tasks. Dkt. 10 at 9. Plaintiff is mistaken: the ALJ explicitly weighed Plaintiff's alleged concentration, persistence, and pace deficits against the objective record, and explained that he found the evidence related to Plaintiff's ability to complete his daily activities (discussed in more detail at AR 26), as well as normal examination findings pertaining to concentration/attention, as demonstrating that Plaintiff has sufficient concentration, persistence, and pace to complete simple work requiring little or no judgment. (AR 33.) Plaintiff has failed to show that this analysis is insufficient. Even when considering Plaintiff's analysis of the ALJ's specific reasoning provided for the first time on Reply (Dkt. 12 at 5-8), he has failed to show that the ALJ erred in discounting his allegations in light of contrary evidence pertaining to activities

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

requiring persistence as well as the objective testing. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"); *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

<u>Medical opinions</u>

Plaintiff challenges the ALJ's assessment of a State agency opinion, written by Renee Eisenhauer, Ph.D., as well as an opinion written by treating provider Rosalie Frazier, ARNP. The Court will address each opinion in turn.

<u>Legal standards</u>

Non-examining State agency medical and psychological consultants are highly qualified and experts in the evaluation of Social Security disability claims and, while not binding, their opinions must be considered. 20 C.F.R. §§ 404.1513a(b)(1), 416.913(b)(1). The weight afforded the opinions of non-examining sources "depend[s] on the degree to which they provide supporting explanations for their medical opinions." 20 C.F.R. § 404.1527(c)(3).

Social Security regulations applicable to this case distinguish between "acceptable medical sources" and "medical sources." Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified providers are called "medical sources." 20 C.F.R. §§ 404.1502, 404.1527(f), 416.902, 416.927(f). An ALJ must provide germane reasons to discount a "medical source" opinion. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from non-acceptable medical sources sources may be expressly disregarded if the ALJ gives germane reasons for doing so).

/ / /

Dr. Eisenhauer

Dr. Eisenhauer opined that *inter alia* Plaintiff's psychiatric symptoms "may episodically be disruptive, however [he has] above average intelligence and [is] capable of completing normal work day/week the majority of the time." (AR 114.) The ALJ found this opinion to be "vague and neither preclude[s] the activities discussed nor define[s] the frequency with which the claimant can perform them." (AR 35.)

Plaintiff contends that this is not a valid reason to discount Dr. Eisenhauer's opinion because even if it is vague, it indicates that Plaintiff would have some problem with disruptions and the ALJ did not account for any absenteeism or off-task behavior in the RFC assessment. Dkt. 10 at 5-6. But it is precisely the lack of specificity that renders Dr. Eisenhauer's opinion less probative to the ALJ's RFC determination, and in any event it is reasonable to interpret Dr. Eisenhauer's opinion to be that even if Plaintiff does have episodic interruptions from his symptoms, those interruptions do not occur to a disabling degree, given that the State agency found Plaintiff not disabled. (AR 116.) Thus, because the State agency opinion as a whole is arguably consistent with the ALJ's decision, Plaintiff cannot show harmful error in the ALJ's rejection of Dr. Eisenhauer's opinion. *See, e.g., Turner*, 613 F.3d at 1223 (where physician's report did not assign any specific limitations or opinions in relation to an ability to work "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions"); *Julie W. v. Comm'r of Social Sec.*, 2019 WL 1354147, at *3-4 (W.D. Wash. Mar. 26, 2019) (holding that a State agency opinion that a claimant's symptoms may lead to inconsistent attendance at times, "though is capable the majority of the time[,]" is "vague and does not provide any precise limitations that the ALJ should have included in the RFC finding").

Although Plaintiff attempts to distinguish *Julie W.* on the grounds that the ALJ in that case credited the State agency opinion and apparently accounted for it in unspecified ways (Dkt. 12 at 3), she has not shown that the result in this case would have been any different if the ALJ *had* credited Dr. Eisenhauer's opinion. The ALJ found that Plaintiff had moderate concentration, persistence, and pace limitations (AR 26), as did Dr. Eisenhauer (AR 113-14), and Dr. Eisenhauer's narrative explanation of that limitation does not identify any specific limitations that should have been included in the RFC assessment, as found in *Julie W.* Because Plaintiff has failed to show harmful error in the ALJ's assessment of Dr. Eisenhauer's opinion, the Court will not disturb this portion of the ALJ's reasoning.

<u>Ms. Frazier</u>

Ms. Frazier completed a form medical source statement in October 2016, describing Plaintiff's symptoms, diagnoses, and limitations. (AR 609-12.) The ALJ summarized the mild, marked, and extreme limitations indicated by Ms. Frazier, and noted that the form she completed did not include a "moderate" checkbox option. (AR 36.) The ALJ gave only slight weight to Ms. Frazier's opinion, noting that she admitted that some of her opinion was based on Plaintiff's self-report, which the ALJ found to be not entirely reliable, and the ALJ also found Ms. Frazier's opinion to be inconsistent with her own treatment notes and the longitudinal mental status examinations in the record. (*Id.*)

Plaintiff concedes that that form Ms. Frazier completed is "faulty" because it lacks a "moderate" checkbox option, but nonetheless contends that the concentration, persistence, and pace limitations described by Ms. Frazier was not influenced by the faulty form because she rated them "extreme," and thus "not even close to a moderate limitation." Dkt. 10 at 12. This argument is not persuasive. It cannot be determined with certainty how Ms. Frazier would have rated

Plaintiff's limitations had she been given an accurate spectrum of checkboxes, and this fault in Ms. Frazier's opinion is a germane reason to question its probative value.

Plaintiff goes on to concede that Ms. Frazier relied in part on his report in rating his limitations, but argues that this is not a valid reason to discount her opinion because she supported her conclusions with her own observations as well. Dkt. 10 at 13. At least one of Ms. Frazier's ratings was rendered in total reliance on Plaintiff's self-report, however. (AR 611.) The ALJ did not err in discounting Ms. Frazier's opinion to the extent that she relied on Plaintiff's self-report, because, as explained *supra*, the ALJ properly discounted Plaintiff's self-report. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Plaintiff also argues that the ALJ erred in finding Ms. Frazier's opinion regarding the extent of his concentration, persistence, or pace deficits to be inconsistent with the record. According to Plaintiff, the record contains many findings in both Ms. Frazier's notes as well as other medical evidence that would support Ms. Frazier's opinion. Dkt. 10 at 13-15. The Commissioner does not necessarily dispute that argument, but points out that the record also contains findings that contradict Ms. Frazier's opinion. Dkt. 11 at 9 (citing AR 505, 529, 540, 569, 574, 677-78, 686, 703, 729, 737, 744, 763). Although Plaintiff contends that the ALJ cherry-picked those contrary findings (Dkt. 12 at 8), the Court finds that the ALJ's finding is supported by substantial evidence and that even if the record could be construed as supporting Ms. Frazier's opinion, it was not unreasonable for the ALJ to find that the record was inconsistent with her conclusions. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

upheld."). Because Plaintiff has failed to meet his burden to show that the ALJ's assessment of Ms. Frazier's opinion was erroneous, the Court will not disturb that portion of the ALJ's decision.

**CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 4th day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge